CAMILO DOMÍNGUEZ & CÍA., demandante y recurrida, *v.* SECRETARIO DE HACIENDA, demandado y recurrente.

*Número*: R-65-144      *Resuelto*: 23 de febrero de 1967

*J. B. Fernández Badillo, Procurador General,* e *Irene Curbelo, Procuradora General Auxiliar,* abogados del recurrente; *Juan Nevárez Santiago,* abogado de la recurrida.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala, y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

PER CURIAM: En 22 de octubre de 1956, Camilo Domínguez y Compañía reclamó del Secretario de Hacienda el reintegro de arbitrios en la cantidad de $44,861.73 y $9,419.32 pagados durante los cuatro años anteriores sobre artículos plateados, consistentes de vajillas y cubiertos, los que no estaban sujetos al pago de arbitrios, de acuerdo con nuestro dictamen en *Empress Sterling Co.* v. *Srio. de Hacienda,* 79 D.P.R. 427 (1956).

El referido funcionario declaró con lugar ambas reclamaciones hasta las sumas de $28,233.21 y $7,226.64 pero retuvo el 80% de dicho importe a tenor con la Ley de Enriquecimiento Injusto (13 L.P.R.A. sec. 2231 *et seq.*). El récord demuestra que no obstante ofrecérsele a la recurrida amplia oportunidad de ofrecer prueba demostrativa de que el arbitrio pagado no fue transferido a los consumidores como lo requiere dicha ley, de hecho nunca la presentó.

Convino el tribunal de instancia con la posición de la recurrida, y al efecto resolvió que en este caso el Secretario de Hacienda impuso por su cuenta un impuesto no autorizado por ley; que no siendo el cobro un arbitrio resulta inconcebible permitir a dicho funcionario extender la Ley de Enriquecimiento Injusto para cubrir un acto personal suyo; que la devolución o reintegro de arbitrios al contribuyente a que se refiere la Ley de Enriquecimiento Injusto conlleva el entendido de que se trata de un arbitrio legal fijado por ley, en cuyo cobro el Secretario de Hacienda ha cometido una de

tres faltas, o sea, que los ha cobrado ilegalmente o indebidamente o en exceso de lo adeudado; que en este caso los artículos sobre los que el Secretario de Hacienda cobró arbitrios estaban exentos de dicho pago; que tal actuación no estaba permitida por ley, al contrario, estaba prohibida por ley, por lo que no pudo haber traspaso de arbitrios al consumidor ni derecho por parte del gobierno a retener el 80% de lo así cobrado ya que no se trataba de arbitrios. En tal virtud, el tribunal de instancia declaró con lugar la demanda y ordenó que el Secretario de Hacienda devuelva a la recurrida las cantidades antes indicadas con intereses legales desde el 4 de febrero de 1958.

Incidió el tribunal de instancia, pues su dictamen está basado en la premisa falsa e irreal que las sumas cobradas por el Secretario de Hacienda, y cuyo reintegro solicita el recurrido, no son arbitrios. Como indica el juez sentenciador, el Secretario de Hacienda sólo puede cobrar las contribuciones fijadas por ley, una de las cuales es la de arbitrios. En este caso, se cobraron arbitrios al recurrido sobre determinados objetos, vajillas y cubiertos, por ser "artículos . . . enchapados con . . . metales preciosos o imitaciones de ellos", según lo dispuesto en la Sec. 8 de la anterior Ley de Rentas Internas Núm. 111 de 1949 (13 L.P.R.A. sec. 1057 *et seq.*). Estos cobros se continuaron durante cuatro años sin objeción ni impugnación hasta que en *Empress Sterling Co.*, supra, dictaminamos que los artículos en cuestión no estaban sujetos al pago de arbitrios. El Secretario de Hacienda exigía el pago de dichos arbitrios y los comerciantes, la recurrida inclusive, lo pagaban consistentemente. Por lo tanto, es forzoso concluir que como resultado de nuestro dictamen en *Empress Sterling Co.*, supra, los referidos arbitrios previamente pagados al Secretario de Hacienda resultaron ser arbitrios ilegalmente cobrados por éste. En vista de que, como cuestión de realidad, los comerciantes en casos como éste toman en consideración

las sumas pagadas por concepto de arbitrios al fijar el precio de las mercancías gravadas, el legislador creyó justo, en los casos de arbitrios cobrados ilegalmente o indebidamente o en exceso de la cantidad debida, y en vista de la imposibilidad de identificar a cada comprador de los artículos sobre los que se cobró el arbitrio ilegalmente a los fines de rembolsárselo, permitir que los comerciantes se enriquecieran con un 20% del reintegro y retener el remanente en beneficio de todos los contribuyentes, disponiendo, sin embargo, para el rembolso de dichos remanentes a aquellos comerciantes que pudiesen demostrar que no pasaron la carga económica del arbitrio al consumidor. A esos efectos se aprobó la Ley de Enriquecimiento Injusto (13 L.P.R.A. secs. 2231–2240). (¹)

---

(¹)(a) En el Art. 3 de esta ley se dispone en parte que:

"Para los fines de este Capítulo, se entenderá por 'enriquecimiento injusto', el ingreso neto derivado o que se derivare del abono o reintegro de arbitrios (incluyendo los impuestos por la Ley de Bebidas, Subtítulo 7 de este título), cobrados por el Secretario de Hacienda, ilegal o indebidamente, o en exceso de la cantidad debida, siempre que la persona a quien se hubiere hecho o se hiciere dicho abono o reintegro, hubiere pasado tales arbitrios a otra persona mediante la venta o traspaso de los artículos gravados, bien incluyendo los arbitrios en el precio de venta o traspaso y como parte de éstos, o de otro modo; Disponiéndose, que se presumirá que el contribuyente ha pasado los arbitrios a otra persona en la cantidad que resulte ser la diferencia entre el precio de venta de los artículos sujetos a los arbitrios que hayan sido o fueren objeto de abono o reintegro y la suma, (1) del costo de los mismos y (2) del beneficio promedio de la cantidad envuelta."

(b) En el Art. 8 de la referida ley, se provee en parte que:

". . . A tal efecto, el Secretario de Hacienda queda por la presente autorizado para descontar y retener del comprobante de crédito o del comprobante de reintegro que haya de tramitar a favor del contribuyente, el ochenta (80) por ciento de la totalidad o parte de la cantidad a ser abonada o reintegrada, que a juicio del Secretario de Hacienda constituya enriquecimiento injusto, hasta tanto el contribuyente, mediante solicitud de reintegro hecha de conformidad con lo provisto por ley, demuestre a satisfacción del Secretario de Hacienda que la totalidad o parte de la contribución retenida no constituye enriquecimiento injusto, en el cual caso el Secretario de Hacienda acreditará o reintegrará al contribuyente, como contribución ilegal o indebidamente pagada, la cantidad indebidamente retenida."

No encontramos mérito en el apuntamiento de la recurrente al efecto de que la aplicación de la ley que acabamos de citar a las circunstancias de este caso lo convierte en inconstitucional pues parte también de la premisa falsa que lo cobrado en este caso no es un arbitrio cobrado ilegalmente.

■ Aparece del récord que el recurrido ofreció prueba de que no había pasado la carga contributiva en cuestión a su clientela y que el recurrente se opuso porque la recurrida nunca contestó un interrogatorio. En vista de que esta cuestión quedó pendiente pues el tribunal de instancia no la consideró sino que procedió a resolver el caso en su fondo en la forma previamente indicada, se devuelve el mismo a dicho tribunal a fin de que considere la referida cuestión y en vista de la prueba que la recurrida ofrezca y pueda ser admitida, resuelva si en definitiva la recurrida pasó o no a su clientela todo o parte alguna del arbitrio en cuestión.

*Por lo tanto, se revocará la sentencia dictada en este caso por el Tribunal Superior, Sala de San Juan, en 22 de junio de 1965, y se devolverá el caso al tribunal de instancia para ulteriores procedimientos consistentes con este dictamen.*

—O—

RESOLUCIÓN

San Juan, Puerto Rico, a 21 de junio de 1967

En vista de la necesidad de hacer varias correcciones en la parte expositiva de la opinión *per curiam* en este caso, se llevan a cabo las mismas de manera que lea así:

"EN EL TRIBUNAL SUPREMO DE PUERTO RICO

"Camilo Domínguez & Cía., Inc.,
    Demandante y recurrida,
                    v.                    R-65-144        Revisión
Secretario de Hacienda,
    Demandado y recurrente.

"Sala integrada por su Presidente el Juez Asociado Sr. Pérez Pimentel y los Jueces Asociados Sres. Blanco Lugo, Rigau y Ramírez Bages

"San Juan, Puerto Rico, a 23 de febrero de 1967

"*PER CURIAM:* En 22 de octubre de 1956, Camilo Domínguez & Cía., Inc., reclamó del Secretario de Hacienda el reintegro de arbitrios en la cantidad de $44,861.73 pagados durante los cuatro años anteriores a la reclamación sobre artículos plateados, consistentes de vajillas y cubiertos, y en 4 de febrero de 1958 reclamó el reintegro de arbitrios similarmente pagados durante los dos años anteriores a la reclamación. Dichos artículos no estaban sujetos al pago de arbitrios, de acuerdo con nuestro dictamen en *Empress Sterling Co.* v. *Srio. de Hacienda,* 79 D.P.R. 427 (1956).

"El referido funcionario declaró con lugar ambas reclamaciones hasta las sumas de $28,233.21 y $7,226.64 pero retuvo el 80% de dicho importe a tenor con la Ley de Enriquecimiento Injusto (13 L.P.R.A. sec. 2231 *et seq.*). El récord demuestra que no obstante ofrecérsele a la recurrida amplia oportunidad de ofrecer prueba demostrativa de que el arbitrio pagado no fue transferido a los consumidores como lo requiere dicha ley, de hecho nunca la presentó.

"Convino el tribunal de instancia con la posición de la recurrida, y al efecto resolvió que en este caso el Secretario de Hacienda impuso por su cuenta un impuesto no autorizado por ley; que no siendo el cobro un arbitrio resulta inconcebible permitir a dicho funcionario extender la Ley de Enriquecimiento Injusto para cubrir un acto personal suyo; que la devolución o reintegro de arbitrios al contribuyente a que se refiere la Ley de Enriquecimiento Injusto conlleva el entendido de que se trata de un arbitrio legal fijado por ley, en cuyo cobro el Secretario de Hacienda ha cometido una de tres faltas, o sea, que los ha cobrado ilegalmente o indebidamente o en exceso de lo adeudado; que en este caso los artículos sobre los que el Secretario de Hacienda cobró arbitrios estaban exentos de dicho pago; que tal actuación no estaba permitida por ley, al contrario, estaba prohibida por ley, por lo que no pudo haber traspaso de arbitrios al consumidor ni derecho por parte del gobierno a retener el 80% de lo así cobrado ya que no se trataba de arbitrios. En

tal virtud, el tribunal de instancia declaró con lugar la demanda y ordenó que el Secretario de Hacienda devuelva a la recurrida las cantidades de $22,586.56 y $5,781.31, con intereses legales desde la fecha de las reclamaciones.

"Incidió el tribunal de instancia, pues su dictamen está basado en la premisa falsa e irreal que las sumas cobradas por el Secretario de Hacienda, y cuyo reintegro solicita la recurrida, no son arbitrios. Como indica el juez sentenciador, el Secretario de Hacienda sólo puede cobrar las contribuciones fijadas por ley, una de las cuales es la de arbitrios. En este caso, se cobraron arbitrios a la recurrida sobre determinados objetos, vajillas y cubiertos, por ser 'artículos . . . enchapados con . . . metales preciosos o imitaciones de ellos', según lo dispuesto en las Secs. 8 y 16 de la anterior Ley de Rentas Internas (13 L.P.R.A. secs. 968 y 1057).([1]) Estos cobros se hicieron sin objeción ni impugnación hasta que en *Empress Sterling Co.*, supra, dictaminamos que los artículos en cuestión no estaban sujetos al pago de arbitrios. El Secretario de Hacienda exigía el pago de dichos arbitrios y los comerciantes, la recurrida inclusive, lo pagaban consistentemente. Por lo tanto, es forzoso concluir que como resultado de nuestro dictamen en *Empress Sterling Co.*, supra, los referidos arbitrios previamente pagados al Secretario de Hacienda resultaron ser arbitrios ilegalmente cobrados por éste. En vista de que, como cuestión de realidad, los comerciantes en casos como éste toman en consideración las sumas pagadas por concepto de arbitrios al fijar el precio de las mercancías gravadas, el legislador creyó justo, en los casos de arbitrios cobrados ilegalmente o indebidamente o en exceso de la cantidad debida, y en vista de la imposibilidad de identificar a cada comprador de los artículos sobre los que se cobró el arbitrio ilegalmente a los fines de rembolsárselo, permitir que los comerciantes se enriquecieran con un 20% del reintegro y retener el remanente en beneficio de todos los contribuyentes, disponiendo, sin embargo, para el rembolso de dichos remanentes a aquellos comerciantes que pudiesen demostrar que no pasaron la carga económica del arbi-

---

([1])"Esta ley fue derogada por la Ley de Impuestos sobre Artículos de Uso y Consumo de Puerto Rico, aprobada en 20 de enero de 1956 (13 L.P.R.A. secs. 4001–4095). Disposiciones similares a las Secs. 8 y 16 de la anterior Ley de Rentas Internas se encuentran en 13 L.P.R.A. secs. 4010 y 4017.

trio al consumidor. A esos efectos se aprobó la Ley de Enriquecimiento Injusto (13 L.P.R.A. secs. 2231–2240).(²)

"No encontramos mérito en el apuntamiento de la recurrida al efecto de que la aplicación de la ley que acabamos de citar a las circunstancias de este caso la convierte en inconstitucional pues parte también de la premisa falsa que lo cobrado en este caso no es un arbitrio cobrado ilegalmente.

■ "Aparece del récord que la recurrida ofreció prueba de que no había pasado la carga contributiva en cuestión a su clientela y que el recurrente se opuso porque la recurrida nunca contestó un interrogatorio. En vista de que esta cuestión quedó pendiente pues el tribunal de instancia no la consideró sino que procedió a resolver el caso en su fondo en la forma previamente indicada, se devuelve el mismo a dicho tribunal a fin de que considere la referida cuestión y en vista de la prueba que la

---

(²)"(a) En el Art. 3 de esta ley se dispone en parte que:

'Para los fines de este Capítulo, se entenderá por "enriquecimiento injusto", el ingreso neto derivado o que se derivare del abono o reintegro de arbitrios (incluyendo los impuestos por la Ley de Bebidas, Subtítulo 7 de este título), cobrados por el Secretario de Hacienda, ilegal o indebidamente, o en exceso de la cantidad debida, siempre que la persona a quien se hubiere hecho o se hiciere dicho abono o reintegro, hubiere pasado tales arbitrios a otra persona mediante la venta o traspaso de los artículos gravados, bien incluyendo los arbitrios en el precio de venta o traspaso y como parte de éstos, o de otro modo; Disponiéndose, que se presumirá que el contribuyente ha pasado los arbitrios a otra persona en la cantidad que resulte ser la diferencia entre el precio de venta de los artículos sujetos a los arbitrios que hayan sido o fueren objeto de abono o reintegro y la suma, (1) del costo de los mismos y (2) del beneficio promedio de la cantidad envuelta.'

"(b) En el Art. 8 de la referida ley, se provee en parte que:

'. . . A tal efecto, el Secretario de Hacienda queda por la presente autorizado para descontar y retener del comprobante de crédito o del comprobante de reintegro que haya de tramitar a favor del contribuyente, el ochenta (80) por ciento de la totalidad o parte de la cantidad a ser abonada o reintegrada, que a juicio del Secretario de Hacienda constituya enriquecimiento injusto, hasta tanto el contribuyente, mediante solicitud de reintegro hecha de conformidad con lo provisto por ley, demuestre a satisfacción del Secretario de Hacienda que la totalidad o parte de la contribución retenida no constituye enriquecimiento injusto, en el cual caso el Secretario de Hacienda acreditará o reintegrará al contribuyente, como contribución ilegal o indebidamente pagada, la cantidad indebidamente retenida'."

recurrida ofrezca y pueda ser admitida, resuelva si en definitiva la recurrida pasó o no a su clientela todo o parte alguna del arbitrio en cuestión.

"Por lo tanto, se revocará la sentencia dictada en este caso por el Tribunal Superior, Sala de San Juan, en 22 de junio de 1965, y se devolverá el caso al tribunal de instancia para ulteriores procedimientos consistentes con este dictamen."

Lo acordó el Tribunal y firma el señor Juez Presidente.

(Fdo.) Luis Negrón Fernández

*Juez Presidente*

Certifico:

(Fdo.) Joaquín Berríos

*Secretario*